## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| VALERIE I. CARLSEN, | : | CASE NO. 19-20366 (JJT) |
| DEBTOR. | : | |
| | : | ECF NOS. 7, 17 |

### RULING ON DEBTOR'S MOTION FOR RELIEF FROM *IN REM* ORDER

After notice and the evidentiary hearing held on March 14, 2019, where the record and the parties' arguments have been fully examined, the Court denies the Motion for Relief from *In Rem* Order ("Motion," ECF No. 7) filed by Valerie I. Carlsen ("Debtor") and sustains the Town of East Windsor's Objection (ECF No. 17).

The Debtor has filed four prior bankruptcies. *See* ECF No. 10. The Debtor filed the current Chapter 13 bankruptcy case on March 8, 2019, after a foreclosure sale at her residential property, but before the Superior Court decided the motion to approve the prevailing bid at such sale at a hearing scheduled for March 18, 2019. In the Motion, the Debtor claims that neither Attorney Andrew Amendola nor Attorney Michael Habib (collectively, "previous lawyers") had her signature or her authority to file the third and fourth petitions for bankruptcy relief in Case No. 17-21485 and Case No. 18-20108, respectively. She asserts there is good and sufficient cause to vacate the Amended Order Granting Relief from the Automatic Stay with *In Rem* Relief entered on February 13, 2018 in the fourth case ("*In Rem* Order," ECF No. 19 in Case No. 18-20108), so as to stay the Superior Court hearing scheduled for March 18, 2019 and to allow her to propose a Chapter 13 plan in her newly filed fifth bankruptcy proceeding.

The Motion raises grave issues about the integrity of the prior bankruptcy filings and the professional propriety of the various acts of her previous lawyers involved in those proceedings. Notwithstanding the testimony of the Debtor and her daughter adduced to support her Motion, the Court denies the relief requested for the following reasons:

1. In light of the conflicting testimony, the Debtor has failed in her burden of proof to demonstrate good cause to vacate the *In Rem* Order.

2. The Debtor, having availed herself of the protections of the third and fourth bankruptcy filings, secured the stay of imminent foreclosure sales on her property, indisputably consistent with her goals communicated to Attorney Amendola, and having secured a Certificate of Credit Counseling in the fourth bankruptcy case (*see* ECF No. 30 in Case No. 18-20108) and previously filed a motion to reopen the fourth bankruptcy case and vacate the *In Rem* Order (ECF No. 30 in Case No. 18-20108), which this Court subsequently denied for intent to hinder and delay through an abuse of the automatic stay (ECF No. 32 in Case No. 18-20108), the Court finds that her testimony regarding her lack of knowledge of the prior bankruptcy proceedings and their effects and due authorization is simply not credible.[1]

3. The Debtor, having obtained the aforesaid goals and benefits of the automatic stay in the disputed bankruptcy filings, impliedly consented and effectively ratified and confirmed the third and fourth bankruptcy proceedings by both her actions and acquiescence.

---

[1] Remarkably, while the Debtor feigns blindness to the prior bankruptcy proceedings, she was served with the previous motion to vacate the *In Rem* Order, filed on her behalf, by first-class mail at the same residential address listed on her fourth and current bankruptcy petitions, as evidenced by the certificate of service (ECF No. 30 in Case No. 18-20108). Regarding the fourth bankruptcy case alone, based on the notices of mailing and certificates of service of record, the Debtor was also sent the deficiency notice and notice of dismissal by first-class mail (ECF No. 7 in Case No. 18-20108), the Town of East Windsor's previous motion for relief from stay by regular mail and FedEx tracking (ECF No. 14 in Case No. 18-20108), the *In Rem* Order by first class mail (ECF No. 21 in Case No. 18-20108), and the order dismissing the fourth bankruptcy case by first class mail (ECF No. 24 in Case No. 18-20108).

4. The Debtor, having obtained the aforesaid goals and benefits of the disputed bankruptcy filings on the eve of previously scheduled foreclosure sales, should be equitably estopped from assailing the legal authority, force, and effect of the third and fourth bankruptcy filings and the *In Rem* Order, so as to avoid further harm, detriment, injury, delay, and expense to the Town of East Windsor.

5. The Debtor and, on her account, her previous lawyers in the foreclosure, having failed to articulate any bona fide defense to the foreclosure should be equitably estopped from assailing the legal authority, force, and effect of the third and fourth bankruptcy filings and the *In Rem* Order, so as to avoid further harm, detriment, injury, delay, and expense to the Town of East Windsor.

6. The Debtor's failures, deficiencies, and course of conduct in each of the dismissed prior serial filings, the indefensible delays in the foreclosure, and her years of nonpayment of taxes demonstrate a lack of good faith or clean hands, which support the denial of the extraordinary relief requested herein.

7. The Debtor should be denied the relief requested herein on account of laches and on account of her undue, last minute delay in seeking relief from the *In Rem* Order. The Motion has sought expedited relief only now because a hearing to approve the foreclosure sale is scheduled in three days, notwithstanding that she had at least one year's advance knowledge of this Court's *In Rem* Order.

Accordingly, for the reasons stated herein, the Motion is **DENIED**, and the Objection is **SUSTAINED**. In the interests of fundamental fairness and justice, to the extent that the 14-day stay imposed by Fed. R. Bankr. P. 4001(a)(3) is applicable, it is waived, and the Town of East Windsor may immediately enforce and implement this Ruling.

**IT IS SO ORDERED** at Hartford, Connecticut this 15th day of March 2019.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut